IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Albert L. Rembert, | Case No. 3:14 CV 2685 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Richard Hernandez, et al., | |
| Defendants. | |

Plaintiff Albert Rembert, a state prisoner currently incarcerated at Marion Correctional Institute ("MCI"), brings this action under 42 U.S.C. § 1983 against members of the medical staff at his current and former correctional institutions. Rembert alleges Defendants were deliberately indifferent to his medical needs by (1) continuing to prescribe him a diabetes medication he says caused him pain, and (2) cutting off his blood-pressure medication in an attempt to kill him. Defendants now move for summary judgment (Doc. 41-1). In response, Rembert filed a Statement of Disputed Factual Issues (Doc. 46), a Brief in Opposition (Doc. 47), and a Declaration in Opposition (Doc. 48).

## BACKGROUND

Rembert, who suffers from Type 2 diabetes, was prescribed Metformin by Defendant Jones in July 2011 (Doc. 48 at ¶ 6). Metformin is the number one oral medication used to treat inmates with Type 2 diabetes (Doc. 41-3 at ¶ 8). Defendants Jones, Carter, and Lyon continued Rembert's prescription through January 2014 (Doc. 48 at ¶¶ 6–8, 13–14). Rembert frequently complained to Defendants that Metformin caused him serious kidney and back pain (*id.* at ¶¶ 9, 11). He obtained

a document from the American Diabetes Association ("ADA") listing Metformin's side effects, which included a warning about using the drug with decreased kidney function (*id.* at ¶¶ 15, 18). It is undisputed that Rembert only has one kidney; however, his medical records reflect no impaired kidney function (Doc. 41-2 at 60–61, 63–65; Doc. 41-3 at ¶ 8). Nevertheless, he continued to complain to medical staff that the Metformin was harmful (Doc. 48 at ¶¶ 18–19). In January 2014, Defendant Emmel discontinued the Metformin prescription after Rembert told her he was self-adjusting his doses (Doc. 1-2 at 5).

Rembert claims Defendants Emmel and Schmalz conspired to cut off his blood-pressure medication at the same time they took him off Metformin (Doc. 48 at ¶ 17). But his medical records reveal only the Metformin prescription was discontinued (*see* Doc. 41-2 at 15, 60; *see also* Doc. 41-3 at ¶ 9). In actuality, Rembert told jail staff he stopped taking all his medications in January 2014 because he was convinced the state was trying to kill him (*see* Doc. 41-2 at 75; Doc. 1-2 at 14–15, 43). He also refused to attend chronic care and sick call visits until May 2014, when his blood sugar levels rose and he decided he needed the Metformin again (*see* Doc. 41-2 at 47).

## STANDARD OF REVIEW

Summary judgment is appropriate if there is "no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Federal Civil Rule 56(a). When considering a motion for summary judgment, this Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). It may not weigh the evidence or make credibility judgments. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). But "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Expert Masonry, Inc. v. Boone Cty, Ky.*, 440 F.3d 336, 341 (6th Cir. 2006) (internal quotation marks omitted).

**DISCUSSION**

Rembert advances two claims. First, he claims all Defendants were deliberately indifferent to his medical needs because they continued to treat his diabetes with Metformin over his complaints the drug caused him extreme pain. Second, he claims Defendants Emmel and Schmalz conspired to kill him by taking him off his diabetes and blood-pressure medications in January 2014.

Failure to provide adequate medical treatment to a prisoner is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish a claim, a prisoner must demonstrate (1) his medical condition posed a "substantial risk of serious harm" to him, and (2) prison officials acted with deliberate indifference to such risk. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference is characterized by obduracy or wantonness -- it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). "Thus, to prove the required level of culpability, a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010). Allegations of medical malpractice or negligent diagnosis and treatment fail to state a deliberate indifference claim. *Jennings v. Al-Dabagh*, 97 F. App'x 548, 549–50 (6th Cir. 2004).

Rembert fails to show a genuine dispute of material fact as to either element largely because his claim is based on an erroneous self-diagnosis. He argues taking Metformin put him at risk because he had only one kidney. But the ADA warnings Rembert cites confirm that patients with decreased kidney *function* should not take Metformin. While Rembert assumes his kidney function must have been decreased with only one kidney, the record shows otherwise. Rembert's kidney

3

function remained normal while he was on Metformin, and he was told as much a number of times (*see, e.g.*, Doc. 1-2 at 6, 12; Doc. 41-2 at 60–61, 63–65). Nothing in the record suggests Metformin caused Rembert's pain beyond his self-diagnosis. Rembert disputes that the medication was benign, even claiming the pain went away after he stopped taking it (Doc. 47 at 6). But without any medical evidence to support his claim, Rembert has not shown a *genuine* dispute that he suffered from an objectively serious medical risk or that Defendants were aware of that risk and disregarded it.

Moreover, Rembert's disagreement with his course of treatment cannot withstand summary judgment. *See Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. 1996) ("Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim."). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). As Rembert has failed to show he suffered any injury from taking Metformin, this Court will not second guess Defendants' medical judgment.

Rembert's suggestion of a conspiracy against him is similarly baseless. He accuses Defendants Emmel and Schmalz of conspiring "to cut off his diabetes medication and to cut off his high blood pressure medication at the same time, and let [him] die" (Doc. 1 at 9). But again, the record tells a different story. According to Rembert's medical records, the only drug discontinued in January 2014 was Metformin, the very drug he had been asking the medical staff to discontinue (*see* Doc. 41-2 at 15, 60; *see also* Doc. 41-3 at ¶ 9). Rembert began refusing his medication because he was convinced the state was trying to kill him (*see* Doc. 41-2 at 75; Doc. 1-2 at 14–15, 43). This is corroborated by Rembert's refusal to attend scheduled chronic care and sick call visits during this

4

time period (*see* Doc. 41-2 at 47). Rembert provides no support for his conclusory allegation that Emmel and Schmalz conspired to kill him.

Having concluded Rembert's deliberate indifference claims fail on the merits, this Court need not address the alternative argument that Defendants Jones and Carter are entitled to summary judgment under the Prison Litigation Reform Act because Rembert did not exhaust administrative remedies before filing suit (Doc. 41-1 at 10).

### CONCLUSION

The Motion (Doc. 41-1) is granted. Additionally, this Court notes Defendants Richard Hernandez and Tamaree Hafer remain unserved after more than two years and multiple attempts by the U.S. Marshals (*see* Docs. 7, 9, 12, 19, 32). While Rembert's failure to serve these Defendants provides an independent basis for dismissing these claims under Federal Civil Rule 4(m), the foregoing merits analysis would be equally applicable to these unserved Defendants. Accordingly, the claims against them are dismissed as well. This Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal could not be taken in good faith.

IT IS SO ORDERED.

                                          s/ *Jack Zouhary*
                                          JACK ZOUHARY
                                          U. S. DISTRICT JUDGE

May 27, 2016